IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3063-FL

| | | |
|---|---|---|
| HERBERT L. REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is defendant's motion to dismiss (DE 4) pursuant to Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND**

On March 20, 2013, plaintiff initiated this action. That same date, Magistrate Judge William A. Webb entered an order notifying plaintiff that his filing failed to comply with the court's Local Rules of Practice and Procedure for the following reasons: (1) the pleading was not on the forms prescribed for use by this court; (2) the number of copies provided was insufficient; (3) the address information for defendants was insufficient; and (3) the $350.00 filing fee was not paid or the application to proceed without prepayment of the filing fee was not submitted.

On April 1, 2013, plaintiff submitted his complaint on the proper form and named the United States of America (the "United States") and the Federal Bureau of Prisons ("BOP") as defendants.

Plaintiff, in his complaint, alleged negligence claims arising out of both a fall he sustained while exiting the dining hall and his subsequent medical care.[1]

On September 20, 2013, defendant filed a motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted. Plaintiff did not respond.

## DISCUSSION

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action pursuant to the FTCA against the United States and the BOP. The court finds that plaintiff is ALLOWED to proceed with his FTCA claim. The proper party for a suit

---

[1] The court notes that plaintiff also remedied the remaining deficiencies identified by the magistrate judge.

brought under the FTCA, however, is the United States of America.  28 U.S.C. §§ 1346(b), 2674, 2679.  Accordingly, plaintiff's FTCA action may proceed against the United States, and the BOP is DISMISSED from this action without prejudice.  See Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965) (holding that a federal agency is not to be sued pursuant to the FTCA); 28 U.S.C. § 1346(b).

The court now turns to defendant's motion to dismiss.  Defendant's sole argument in its motion is that plaintiff failed to state a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff, however, makes clear in his amended complaint that he seeks to pursue his claim pursuant to the FTCA and not Bivens.  See (Am. Compl. p. 2.)  Because plaintiff is not pursuing a Bivens claim, defendant's motion to dismiss is DENIED.

## CONCLUSION

In summary, plaintiff is ALLOWED to proceed with his FTCA action against the United States.  Plaintiff's claim against the BOP is DISMISSED without prejudice.  Finally, defendant's motion to dismiss (DE 4) is DENIED.

SO ORDERED, this 8th day of April, 2014.

LOUISE W. FLANAGAN
United States District Judge